952 F.2d 1396
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lt. General William H. GINN, Jr., Plaintiff-Appellant,
v.
Michael V. STEGALL, Defendant-Appellee.
 No. 91-2022.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1991.
Decided Jan. 21, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria, No. CA-90-973-A, Claude M. Hilton, District Judge.
 Argued: Jon Franklin Mains, Mains & Mains, Alexandria, Va., for appellant.
 Gary Brooks Mims, Brault, Palmer, Grove & Zimmerman, Fairfax, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and NIEMEYER, Circuit Judges, and HARVEY, Senior United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellee, Michael Stegall, worked for Eastern Airlines and departed from his place of employment at about 10:30 p.m. on May 5, 1988. Driving his car, he exited the employee parking lot at Washington's National Airport and drove down South Thomas Avenue travelling north. The evening was a rainy one. Appellee's headlights were on, his windshield wipers were operating, and the car was travelling at about 20-25 miles per hour. As South Thomas Avenue turned hard right after about one-quarter mile, he applied his brakes and increased the speed of his wipers. As the road straightened, appellee saw an airport shuttle bus travelling southbound that was stopped at the side of the road at a bus stop. As appellee's car was parallel to the stopped bus, appellant Lt. Gen. William Ginn, Jr., stepped into the street from the rear of the bus, directly into appellee's line of travel. Appellee braked, but his car struck appellant nonetheless. Appellee stopped the car after the impact, raced back on foot to where appellant was on the road, rendered assistance to the injured appellant, and summoned help. Appellant has no recollection of the collision or the events immediately preceding it.
 
 
 2
 Ginn filed suit in Virginia state court, alleging that Stegall negligently caused his injuries. The case was then removed. The district court denied appellee's motion for summary judgment but, at the close of appellant's evidence, granted appellee's motion for a directed verdict. The court held that Stegall was not negligent and that, in any event, appellant's contributory negligence barred recovery. This appeal followed.
 
 
 3
 We agree with the district court and affirm its judgment. As a preliminary matter, we believe that the district court correctly held that appellee's removal petition adequately pleaded diversity of citizenship. Although--as appellant notes--the petition explicitly alleged only the residency (not the domicile) of the parties, it also clearly stated that the action "is between citizens of different states." We think that the two statements together adequately plead diverse citizenship, and therefore we reject appellant's hyper-technical argument.
 
 
 4
 Second, a directed verdict was proper because appellant presented to the jury no evidence of negligence. At oral argument, counsel for Ginn conceded that his argument boils down to the proposition that Stegall should have stopped his car upon seeing the stopped shuttle bus because passengers often exit such buses and cross the street. Reasonable care, however, does not require such extreme precautions. While reasonable care does require a driver to pay attention to the stopped bus and to watch for pedestrians potentially crossing the street, unreasonableness is not proven by the mere fact that a driver hit a pedestrian who leaped from the darkness in the rear of a bus into the path of his oncoming car that was travelling within the speed limit. In essence, however, appellant has presented no more evidence than this.
 
 
 5
 We also agree with the district court that there is substantial evidence of contributory negligence. Appellant presented no evidence that he had attempted to cross the street in the nearby crosswalk. Moreover, he walked into the street from the rear of the bus (which, unlike the front, is not illuminated), apparently without first checking for approaching cars. Because appellee's headlights were visible for about one-quarter mile before the place of impact, the accident might never have happened had appellant looked both ways before crossing.
 
 
 6
 We conclude that appellant's other arguments are without merit. The directed verdict was properly awarded, and therefore the judgment of the district court is
 
 
 7
 AFFIRMED.